012712fN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| SELENA A. COYLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11-56 EJM |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. The briefing schedule concluded December 27, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of May 26, 2007, plaintiff alleges disability due to fibromyalgia, bipolar disorder or manic depression, rheumatoid arthritis, and conversion disorder. The Administrative Law Judge (ALJ) found plaintiff's combined severe impairments include fibromyalgia, obesity, bipolar disorder/manic depression, chronic pain syndrome, and conversion disorder, but further found plaintiff retained the residual functional capacity to perform substantial gainful activity. Plaintiff asserts the ALJ failed to properly evaluate her conversion disorder, failed to properly consider the opinions of treating physician Dr. Vernon, failed to adequately evaluate the limitations found by consulting

physician Dr. Shaeffer, and failed to explain why Dr. Schaeffer's conclusions were not adopted. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review of the record as a whole, it appears undisputed that plaintiff suffers from conversion disorder. As discussed in Easter v. Bowen, 867 F2d 1128, 1129 (8th Cir. 1989), conversion disorder causes the belief that physical ailments are more serious than suggested by clinical data, causes the experience of physical problems as worse than they may otherwise be, and the impaired person is unable to control this response. Plaintiff's treating physician, Dr. Vernon, explained that the nature of plaintiff's conversion disorder is such that when plaintiff experiences psychological stresses, they manifest as physical symptoms, albeit with a lack of objective physical findings. As plaintiff's treating physician, he observed that plaintiff "has certainly experienced this on an ongoing basis." T. 397. Dr. Vernon further explained that notwithstanding the lack of physical findings, "the stress of ongoing daily work and the stress of dealing with employers and coworkers and the repetitive physical nature of most occupations

results in her having disabling physical symptoms." T. 397. Dr. Vernon further observed that while he thought plaintiff had the *physical* ability to work and he would allow her to attempt to do so, that "she is going to experience exacerbation of these symptoms and they will then interfere with ongoing employment." T. 397. Dr. Vernon expressly set forth the nature of limitations. T. 611-615. It is the court's view that Dr. Vernon's views are internally consistent, consistent with the record as a whole, and are not inconsistent with the earlier views of Dr. Fredric Gerr of the University of Iowa Department of Internal Medicine, who then reviewed and discussed plaintiff's severe fibromyalgia. T. 553. Accordingly, the court concludes that the ALJ erred in discounting the weight to be afforded to the views of plaintiff's treating physician.

The court further notes the ALJ's observations regarding the general motivations of physicians, suggesting the possibility that a physician may express an opinion to assist a patient with whom the physician sympathizes, and that patients can be quite insistent and demanding in seeking supportive reports from their physicians who might provide such a note to satisfy patients and avoid tension. The ALJ further observed that while difficult to confirm the presence of such motives, they are more likely in situations where the physician's opinion departs substantially from the evidence of record. It is the court's view that the record before the court contains no basis for the ALJ's suggested inference, and as discussed by the court in Easter, supra, in the case of a conversion disorder, the

dissonance between objective medical findings and subjective allegations is the nature of the conversion disorder impairment, rather than an inconsistency warranting disbelief.  Id., 867 F2d at 1130.

Additionally, it appears that the views of consulting physician Dr. Schaeffer are somewhat more restrictive that the residual functional capacity found by the ALJ, however, the ALJ did not provide a reason for discounting the weight afforded thereto.

Upon the foregoing, the court finds the Commissioner's decision is not supported by substantial evidence on the record as a whole.  This matter shall be reversed and remanded for further consideration in accordance herewith.

It is therefore

ORDERED

Reversed and remanded for further consideration.

March 15, 2012.

*/s/ Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT